IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                           **Petitioner,**

       v.                                             CASE NO. 22-3228-JWL-JPO

**STATE OF KANSAS, et al.[1],**

                           **Respondents.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner James C. Strader. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety.

### Background

In May 2003, in Johnson County, Kansas, Petitioner pled guilty to and was convicted of kidnapping and attempted rape, which are hereinafter referred to as the Johnson County convictions. *See* Online Records of Johnson County, Kansas, Case No. 03CR389. He was sentenced to a controlling sentence of 233 months in prison. *Id.* In 2005, a jury in Reno County, Kansas convicted Petitioner of aggravated kidnapping, rape, and aggravated burglary and Petitioner was sentenced to a controlling sentence of 852 months in prison, to be served consecutively to the sentences imposed for the Johnson County convictions. *See* Online Records of Reno County, Kansas, Case No. 2003-

---

[1] Petitioner has named the State of Kansas, Jeff Zmuda, Daniel L. Schnurr, Derek Schmidt, and "Unknown Agents" as Respondents in this action, but the sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Daniel L. Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is the only proper respondent. All other named Respondents will be dismissed from this matter.

CR-173; *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008.

Petitioner's lengthy history of federal litigation will not be detailed here except as necessary for analysis of the petition now before the Court. On October 4th, 2022, the petition in this matter was electronically submitted to the clerk of court for electronic filing along with over 170 additional pages. Those pages included two additional federal habeas petitions, which were filed as separate matters in this Court, as well as filings that appeared intended for the Tenth Circuit, the Foreign Intelligence Surveillance Court, and at least one Kansas state district court. Petitioner is advised that this Court does not accept documents for filing in other courts. In addition, it was not clear whether Petitioner intended all of the documents to constitute several new cases or to be filed in an already existing case. At one point in the submission, Petitioner appeared to request that the Court file the documents in every case he has had before this Court from 2018 to the present day.

> "'[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.' Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'"

*Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

Petitioner has been subject to filing restrictions in previous cases due to his filing large amounts of apparently irrelevant documents. *See, e.g.*, *Strader v. Kansas*, Case No. 19-3137-SAC, 2019 WL 5622439, *1 (D. Kan. Oct. 31, 2019) ("[P]etitioner has repeatedly submitted materials that do not support a comprehensible claim for relief, and the Court remains convinced that a filing restriction is warranted in this matter."). Thus, as Petitioner is aware, he "has no constitutional right to file frivolous or malicious matters" and "where a [party] has a history of repetitive filings and abuse of the judicial process, a court may exercise its inherent power to impose orders to manage its docket and deter frivolous filings." *See Strader v. Werholtz*, Case No. 19-3102-SAC, 2019 WL 5267160, *1 (D. Kan. Oct. 17, 2019).

Although the past filing restrictions were issued on a case-by-case basis, Petitioner is hereby

cautioned that if he continues to submit large amounts of documents that appear unrelated to the cases in which he wishes to file them, the Court will consider implementing more broadly applicable filing restrictions. If Petitioner wishes documents to be filed in an already existing case, he must clearly identify that case number on the first page of his filing. Petitioner should also ensure that the documents he files in a case are relevant to the claim or claims in that particular matter. This will promote judicial efficiency, as the Court will not have to sort through hundreds of pages to determine what, if any, information therein is relevant to the claims in the case before it. It will also better allow the Court to evaluate Petitioner's arguments.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It also "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is subject to dismissal in its entirety for the reasons set forth below.

Petitioner has filed a petition seeking relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."

3

*McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

As Ground One, Petitioner asserts "Constitutional -- Fundamental Rights, for terroristic crimes Freedom In Body and out of Body -- article 31 protection From Abuse violates with also K.S.A. 60-401- K.S.A. 21-5111 custodial confinement. That also was mental abuse/physical abuse Att. murder -- kidnapping -- no [illegible] court orders." (Doc. 1, p. 6.) As supporting facts for Ground One, Petitioner provides the titles of two articles he wishes the Court to read and citations to various laws he wishes the Court to review. *Id.* None of this information articulates a challenge to the execution of his state sentence or otherwise provides a plausible claim for relief under § 2241.

As Ground Two, Petitioner asserts that his conviction was unlawfully obtained through duress. (Doc. 1, p. 6.) This also does not attack the execution of a sentence or state a ground for relief properly brought under § 2241. Rather, it attacks the validity of Petitioner's underlying convictions, seemingly his Johnson County convictions. The appropriate avenue for a person in custody pursuant to the judgment of a State court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. The Court notes that Petitioner has a currently pending § 2254 petition before this Court under Case No. 22-3229-JWL-JPO that challenges his Johnson County convictions.

As Ground Three of this § 2241 petition, Petitioner asserts that he was the victim of sexual crimes while incarcerated. (Doc. 1, p. 6.) This is not a claim that is properly brought under § 2241, but instead must be brought under 42 U.S.C. § 1983. As the Court has previously advised Petitioner,

> Local Rule 9.1(a) requires prisoners to bring § 1983 claims on an official, court-approved form. . . .
> . . . If Petitioner wishes to pursue claims under § 1983, he must submit a complete and proper complaint, on court-approved forms, which will be assigned a unique case number and will proceed independently of this federal habeas action. Petitioner is reminded, however, that he remains subject to the three-strikes provision of 28 U.S.C. § 1915(g). Thus, he may proceed in forma pauperis in any § 1983 action *only* if he shows that he is "under imminent danger of serious physical injury." If he does not do so, he must pay the full filing fee of $402.00 before any § 1983 action will proceed.

*See Strader v. Cheeks*, Case No. 22-3114-SAC, Doc. 11, p. 7-8.

For these reasons, none of the three grounds for relief asserted in the instant petition states a

4

claim that is actionable under 28 U.S.C. § 2241. Petitioner also states on page one of the petition that he is being illegally held after the expiration of his sentence. If Petitioner wishes to raise this as a ground for relief, he must file a complete and proper amended complaint that identifies it as such and provides supporting facts related to this argument. The Court notes, however, that Petitioner's Reno County sentences were imposed to run consecutively to his Johnson County sentences, so if his Johnson County sentences have in fact expired, his continued incarceration may be under the Reno County sentences, not as an illegal extension of the Johnson County Sentences.

### Conclusion

For the reasons set forth above, the petition currently before the Court appears to be subject to dismissal in its entirety for failure to state a claim on which federal habeas relief may be granted under 28 U.S.C. § 2241. Therefore, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety for these reasons. In the alternative, Petitioner may submit a complete and proper amended petition that states a claim that is actionable under § 2241. If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (22-3228) on the first page of the amended petition. He is again cautioned to attach to the amended petition only documents relevant to the claims raised in that particular pleading.

If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   If he fails to timely file a response to this order or an amended petition, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the State of Kansas, Jeff Zmuda, Derek Schmidt, and the Unknown Agents are dismissed as respondents in this matter. Daniel L. Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is the sole proper Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including November 7, 2022, in which to show cause, in writing why this matter should not be dismissed for the reasons stated herein or, in the alternative, to file a complete and proper amended petition. If Petitioner fails to timely file a response to this order or an amended petition, this matter will be dismissed without further prior notice to Petitioner. The Clerk is directed to send a § 2241 form petition to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 7th day of October, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge