IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                         Petitioner,

              v.                              CASE NO. 22-3228-JWL-JPO

**DANIEL L. SCHNURR,**

                         Respondent.

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner and state prisoner James C. Strader on October 4, 2022. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issued a notice and order to show cause (NOSC) directing Petitioner to either file a complete and proper amended petition or show cause why this matter should not be dismissed for certain identified reasons. Petitioner has now filed an amended petition (Doc. 3), which the Court has reviewed as required by Rule 4. For the reasons explained below, the Court will dismiss this matter without prejudice for failure to state a claim on which relief can be granted. Thus, the Court will deny Petitioner's motion for stay (Doc. 4).

### Background

In May 2003, in Johnson County, Kansas, Petitioner was convicted of kidnapping and attempted rape and he was sentenced to 233 months in prison. *See* Online Records of Johnson County, Kansas, Case No. 03CR389. In 2005, a jury in Reno County, Kansas convicted Petitioner of aggravated kidnapping, rape, and aggravated burglary and he was sentenced to a controlling sentence of 852 months in prison, to be served consecutively to the sentences imposed for the

1

Johnson County convictions. *See* Online Records of Reno County, Kansas, Case No. 2003-CR-173; *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008.

On October 4th, 2022, the petition in this matter was electronically submitted to the clerk of court for electronic filing along with over 170 additional pages. The petition sought relief under 28 U.S.C. § 2241. As Ground One, Petitioner asserted "Constitutional -- Fundamental Rights, for terroristic crimes Freedom In Body and out of Body -- article 31 protection From Abuse violates with also K.S.A. 60-401- K.S.A. 21-5111 custodial confinement. That also was mental abuse/physical abuse Att. murder -- kidnapping -- no [illegible] court orders." (Doc. 1, p. 6.) As Ground Two, Petitioner asserted that his conviction was unlawfully obtained through duress. (Doc. 1, p. 6.) As Ground Three, Petitioner asserted that he was the victim of sexual crimes while incarcerated. (Doc. 1, p. 6.)

On October 7, 2022, the Court issued the NOSC advising Petitioner that 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). The NOSC pointed out that none of the asserted grounds for relief in the initial petition articulated a challenge to the execution of a state sentence or otherwise provided a plausible claim for relief under § 2241. (Doc. 2, p. 4-5.)

Rather, the claim in Ground One was unclear, Ground Two appeared to state a claim more properly brought under 28 U.S.C. § 2254, and Ground Three appeared to state a claim more properly brought under 42 U.S.C. § 1983. *Id.* at p. 4. Thus, because the initial petition did not state a claim

2

on which federal habeas relief under § 2241 could be granted, the NOSC directed Petitioner to either show cause why the Court should not dismiss this matter or "submit a complete and proper amended petition that states a claim that is actionable under § 2241." *Id.* at 5. Petitioner has now filed an amended petition (Doc. 3), which the Court has reviewed under Rule 4.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It also "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

The amended petition asserts nine grounds for relief. Large portions of the amended petition are incomprehensible, even when the petition is liberally construed, but it appears to make the following allegations, highly summarized: (Ground One) Petitioner was attacked by a prison guard; (Ground Two) Petitioner's Fourth Amendment rights were violated when he was illegally dosed with artificial intelligence; (Ground Three) the provisions of the Privacy Act, the Patriot Act, and the Foreign Intelligence Surveillance Act were violated, as well as perhaps the constitutional prohibition against slavery; (Ground Four) Petitioner's due process rights were violated during prison disciplinary actions; (Ground Five) Petitioner's convictions were unconstitutional; (Ground Six) prison officials used high frequency technology to act as God, in violation of the First

Amendment's requirement that church and state remain separate; (Ground Seven) prison officials generally abused their authority in violation of multiple constitutional provisions and Kansas statutes; (Ground Eight) theft of Petitioner's property; and (Ground Nine) alteration of medical records. (Doc. 3, p. 7-10.)

Grounds One through Three and Five through Nine fail to assert a claim related to the execution of Petitioner's sentences, leaving them subject to dismissal for failure to state a claim for relief under 28 U.S.C. § 2241. The remaining ground for relief, Ground Four, mentions the loss of good-time credits and alleges a due process claim. *See id.* at 8. A petition seeking relief under 28 U.S.C. § 2241 may be used to attack certain disciplinary proceedings, including those that result in the deprivation of good-time credits, or to assert that a state prisoner was denied constitutionally required due process during those proceedings. *See Abdulhaseeb v. Ward*, 173 F. Appx. 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997), and *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987)). However, as this Court has advised Petitioner in a NOSC issued in another case currently pending before this Court, if he wishes to seek relief based on events that occurred in the context of disciplinary hearings, he must "sufficiently identify the actions on which he bases his challenge." *See Strader v. Kansas*, Case No. 22-3264-JWL-JPO, Doc. 2, 2022 WL 11747254, *6 (D. Kan. Oct. 20, 2022).

In the supporting facts for Ground Four, Petitioner does not identify the specific disciplinary actions of which he complains. He does direct the Court's attention to "case documents" in *Strader v. Kansas*, Case No. 20-cv-3298-EFM-TJJ. (Doc. 3, p. 8.) The Court notes that Petitioner filed approximately 400 pages of documents in Case No. 20-cv-3298-EFM-TJJ, and the Court declines to expend judicial resources combing those pages for potentially relevant information. Moreover, as noted above, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett*, 425 F.3d at 840. Thus, Ground Four, as articulated in the amended

petition, is subject to dismissal for failure to allege a plausible claim for relief under 28 U.S.C. § 2241.

In addition, the NOSC explained to Petitioner that in the amended petition he "may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court." (Doc. 2, p. 5.) Petitioner wholly failed to comply with this instruction. In addition to Case No. 20-cv-3298-EFM-TJJ, Petitioner also asks this Court to "review all documents filed in" Case No. 19-cv-3218-HLT, Case No. 19-cv-3102-SAC, Case No. 20-cv-3135-JWB-ADM; Case No. 22-cv-3054-SAC, Case No. 22-cv-3124-SAC, and all notarized "documents filed to ALL 2021 and 2022 cases." (Doc. 3, p. 8.)

Finally, the Court notes that the amended petition and attached documents total more than 250 pages, despite the Court's disapproval in the NOSC of Petitioner's practice of submitting large amounts of documents that appear unrelated[1] to the case in which he wishes to file them and the Court's admonition in the NOSC that Petitioner should "ensure that the documents he files in a case are relevant to the claim or claims in that particular matter." (Doc. 2, p. 2-3.) The attachments submitted with the amended petition include, among other things, a largely blank "results list" from a legal search engine dated June 16, 2021 (*Id.* at 21); Petitioner's poetry (*Id.* at 39, 60, 69, 96, 143, 162); and a copy of an envelope addressed to the Clerk of the Reno County District Court (*id.* at 44). The relevance of these pages to the claims made in the amended petition is far from clear.

---

[1] For example, Petitioner submitted an article discussing "the case against solitary confinement" and the effects on prisoners of being held in solitary confinement. (Doc. 3-1, p. 40-43, 45-51, 53-59, 65-68.) But, as Petitioner is aware, claims for relief based on conditions of confinement must be brought under 42 U.S.C. § 1983. See *Strader v. Schnurr*, Case No. 22-3264-JWL-JPO, Doc. 2 (D. Kan. Oct. 20, 2022); *Strader v. Cheeks*, Case No. 22-3124-SAC, Doc. 8, 2022 WL 2274137, *1 (D. Kan. June 23, 2022); *see also Abdulhaseeb v. Ward*, 173 F. Appx. 658, 660 (10th Cir. 2006) (unpublished) ("[C]ounts relate[d] to the conditions of [the petitioner's] confinement, rather than the fact or length of his confinement, . . . are improperly brought under 28 U.S.C. § 2241 and should be brought under 42 U.S.C. § 1983."); Thus, the article discussing the consequences of a condition of confinement is not relevant to a claim that may be pursued in this petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241.

**Conclusion**

For the reasons set forth above, the amended petition currently before the Court is subject to dismissal in its entirety for failure to state a claim on which federal habeas relief may be granted under 28 U.S.C. § 2241. The only ground for relief that even refers to a complaint actionable under § 2241 is Ground Four, but the amended petition does not asserts sufficient supporting facts for the Court to identify the precise basis for Petitioner's argument. Rather, his claims that he was improperly deprived of good-time credit and denied due process in disciplinary proceedings are merely conclusory statements.

Although the Court previously afforded Petitioner the opportunity to file an amended petition, it now concludes that it would be futile to provide Petitioner with another opportunity to amend the petition in this matter. Petitioner continues his improper filing practices and the currently operative amended petition does not cure the fatal deficiency the Court identified as existing in the initial petition--the failure to state a claim actionable under § 2241. Thus, the Court will dismiss this matter without prejudice.

**Motion for Order of Stay (Doc. 4)**

Also pending before the Court is Petitioner's "Motion For Order of Stay." (Doc. 4.) Therein, Petitioner asks for a 60-day stay in order to research "Helios . . . mixed with the Facebook and Amazon MTurk project mixed with Smart tech and A.I." *Id.* at 1. He explains that he has submitted requests for certain documents and he seeks the stay so he has time to fill out paperwork so he can obtain and submit the documents. *Id.* Liberally construing the motion, it appears that Petitioner seeks an extension of time to respond to the NOSC. But Petitioner has already responded to the NOSC by filing his amended petition. Because the Court has determined that this matter should be dismissed without prejudice because the amended petition fails to state a claim for relief remediable under 28 U.S.C. § 2241, the motion to stay is moot and shall be denied as such.

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** and the motion for order of stay (Doc. 4) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 9th day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge